UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION - BAY CITY

IN RE:

SCOTT MARSHALL and Case No. 09-21141-dob
DESIREE MARSHALL, Chapter 13
 Debtors. Hon. Daniel S. Opperman
_____/

## OPINION DENYING DEBTORS' OBJECTION TO ROSCOMMON COUNTY FRIEND OF THE COURT'S AMENDED CLAIM

Before the Court is the continued hearing on Debtors Scott and Desiree Marshall's objection to the Roscommon County Friend of the Court's ("Roscommon") amended claim. After an order initially sustaining Debtors' objection was vacated, the parties appeared on April 7, 2011, for a hearing on Debtors' objection. Debtors argued the Court must determine several threshold issues before moving on to the merits of their objection. Specifically, Debtors challenge Roscommon's standing to file its claim and the impact of the default judgment entered in an adversary proceeding in Debtors' case that ordered that Krista Heine, Debtor Scott Marshall's former wife, was not owed a "domestic support obligation." At the conclusion of the April 7, 2011, hearing, the Court took the matter under advisement to allow for supplemental briefing on the threshold issues identified by the parties and to consider the impact of the adversary proceeding default judgment.

### Statement of Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157, and E.D. Mich. LR 83.50. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) (allowance or disallowance of a claim against the estate).

1

Procedural and Factual Background

The parties do not dispute that the child support obligations at issue originated with a 1995 state court divorce judgment entered in Roscommon County Circuit Court. Debtor Scott Marshall was ordered to pay $46.00 per week payable to Ms. Heine via the Roscommon County Friend of the Court office. Roscommon filed a report in support of its claim detailing that as of June 1, 2003, Scott Marshall owed a balance of $22,889.37.

The state court suspended the child support payments on April 29, 2005, but ordered that accumulated arrearage and the payment on that arrearage be enforced along with accumulated fees. Debtors do not dispute that as of December 18, 2008, Scott Marshall owed "$12,240.46 in past-due support" or that he agreed to pay that amount in monthly installments of $200 beginning in February of 2009. Neither party disputes that Roscommon's documentation filed in support of its claim reveals that it received payments for child support in excess of $28,000 between June of 2003 and March 1, 2010. However, Roscommon's amended claim states that the amount due and owing is $5,744.87, including surcharges, processing, and service fees.

Debtors filed their joint, voluntary Chapter 13 petition on March 30, 2009. Debtors filed a proof of claim on behalf of Roscommon on the basis of a "support order" for $12,240.46. Debtors bifurcated the claim into a priority claim of $2,240.46, pursuant to 11 U.S.C. § 507(a)(1)(A), and the remaining $10,000 as a general unsecured claim. Debtors' proposed plan stated that the "pre-petition Domestic Support Obligation(s) shall be paid in full through the plan by the Trustee, if a proof of claim has been timely filed[.]" The Court confirmed Debtors' Chapter 13 Plan without modification on June 4, 2009.

Critical to Debtors' objection is their adversary proceeding against Roscommon filed on March 27, 2010. In that proceeding, Debtors sought, among other relief, a declaration that any

2

obligation to Ms. Heine was not in the nature of child support. The parties stipulated to the dismissal of all claims against Roscommon, the Michigan Department of Treasury, and the Michigan Department of Human Services (Child Support Office) without prejudice. Debtors later obtained a default judgment against Ms. Heine, the only remaining defendant, after she failed to appear at the final pre-trial conference. The default judgment ordered that Scott Marshall "does not have a domestic support obligation due [Ms. Heine] as may have accrued under Case No. 1994-006629-DM, 34th Circuit Court for Roscommon County, Michigan."

Debtors filed this objection on September 25, 2010. Roscommon responded on October 14, 2010. After several mutual adjournments, a hearing was held on January 20, 2011. However, Roscommon did not appear due to what was later acknowledged as scheduling confusion. The Court reviewed the objection and entered an order sustaining the objection. Roscommon then sought to vacate that order, on the basis of the scheduling confusion, and sought reconsideration on the merits of its claim. The Court vacated the order sustaining Debtors' objection and held a hearing on April 7, 2011, regarding the objection.

## Analysis

Debtors' initial motion questioned whether Roscommon had standing to pursue the claim and argued that Roscommon's support for its claim was insufficient to entitle Roscommon to the presumption of *prima facie* validity pursuant to Federal Rule of Bankruptcy Procedure 3001(f). At the hearing on April 7, 2011, Debtors' reiterated their belief that the "threshold issues" were: (1) whether Roscommon had standing to seek enforcement of a claim allegedly derivative of Ms. Heine's interest; and (2) the impact of the default judgment that ordered that Ms. Heine had no claim.

Responding to Debtors' arguments, Roscommon argues that its claim is based on the

3

outstanding child support due and disagrees that the default judgment affected in any way the state court judgment for the accrued child support obligations. Roscommon further argues it has standing to pursue this claim not as a derivative of Ms. Heine, but pursuant to its duty under Michigan law to enforce child support obligations for the benefit of the minor child. Roscommon cites Michigan Compiled Laws § 552.505a(1) as imposing the duty on it to collect delinquent child support payments. Roscommon also argues that the default judgment did not extinguish the child support obligation because Michigan Compiled Laws § 552.603 mandates that child support payments are judgments when due or past due. Therefore, it contends that Debtors cannot vacate this state court judgment via an adversary proceeding. Finally, Roscommon maintains that its supporting documentation suffices to give its claim the presumption of *prima facie* validity.

Debtors reply that the default judgment operates to bar Roscommon's claim pursuant to the doctrine of claim preclusion. Debtors argue a decision on the merits was reached in the adversary proceeding, notwithstanding the fact that Roscommon "voluntarily dismissed itself" from the adversary proceeding, because the default judgment ordered that no support obligation is due Ms. Heine under the Roscommon court divorce case. Debtors also argue Roscommon is in privity with Ms. Heine pursuant to Michigan Compiled Laws § 552.505a(1) and, because the default judgment ordered that Ms. Heine does not have a domestic support obligation, Roscommon has nothing to enforce here. The issue, according to Debtors, is also identical to that raised in the adversary proceeding, and the facts and evidence necessary to prevail in this objection are the same as in the adversary proceeding.

In light of the parties' arguments in their briefs and at the April 7, 2011, hearing, the Court restates the threshold issues as requiring a determination of, first, whether the default judgment operates to bar Roscommon's claim under the doctrine of claim preclusion, and, second, whether

4

Roscommon's statutory duty to enforce past due child support obligations is independent of Ms. Heine's interest so as to give Roscommon standing to pursue this claim. In addition, Debtors' original motion argued Roscommon's claim is not sufficiently supported so as to give it a presumption of validity.

*Claim Preclusion*

Preliminarily, the Court questions whether a default judgment can be used offensively in these circumstances where Debtors' claims against Roscommon in the adversary proceeding were dismissed by stipulation six months before the default judgment entered against Ms. Heine. "Normally, a judgment is not claim preclusive as to non-parties." *Saylor v. United States*, 315 F.3d 664, 668 (6th Cir. 2003) (citation omitted). At the time the default judgment was entered, Roscommon was a non-party to the adversary proceeding. The default judgment therefore does not have any claim preclusive effect as to Roscommon. Debtors provide the Court with no binding authority, nor is the Court aware of any such authority, standing for the position that a previously dismissed defendant is thereafter bound by a default judgment entered against a remaining defendant.

Furthermore, although Debtors argue that Roscommon is in privity with Ms. Heine, the Court finds this element of claim preclusion missing. "Privity . . . means a successor in interest to the party, one who controlled the earlier action, or one whose interests were adequately represented." *Sanders v. Confectionary Products, Inc. v. Heller Financial, Inc.*, 973 F.2d 474, 481 (6th Cir. 1992). Here, Roscommon is not a successor to Ms. Heine's interest, did not control the adversary proceeding, and its interests in enforcing the past due child support were not adequately represented. The Court agrees that under Michigan law Roscommon can advocate on behalf of the minor child, rather than for the custodial parent receiving the child support payments.

5

Michigan law directs Roscommon to enforce the obligations of parties under the support order. Michigan Compiled Laws § 552.505a(1). Contrary to Debtors' position, Scott Marshall is the only party to the child support order at issue with an obligation. He was ordered to pay the child support. Ms. Heine receives the support as the custodial parent from Roscommon pursuant to Michigan Compiled Laws §§ 552.602(y) and 552.509(1). Further, Michigan Compiled Laws § 552.511(1)(a) obligates Roscommon to initiate enforcement proceedings when the arrearage is greater than one month's payment. Roscommon, therefore, can statutorily act on behalf of the minor child when the ordered child support is past due. None of these statutes directs Roscommon to act expressly for or only on the behalf of the custodial parent. The Court finds that Roscommon is not in privity with Ms. Heine and therefore claim preclusion does not apply.

*Roscommon has an independent statutory basis for pursing its claim*

The next threshold issue concerns whether Roscommon has shown a sufficient factual and legal basis for its claim. Debtors argue Roscommon is not a "creditor" permitted to file a claim because it is not an "entity" with a claim. Debtors also, as discussed earlier, argue that any claim Roscommon may have is on behalf of Ms. Heine or is derivative of her alleged claim. Roscommon responds that it has standing to pursue this claim on behalf of the minor child pursuant to Michigan law.

Initially, the Court notes that Debtors do not argue that Roscommon fails to meet the Article III standing requirements of injury, causation, and redressability. *See Wuliger v. Manufacturers Life Ins. Co.*, 567 F.3d 787, 793 (6th Cir. 2009) (listing Article III standing elements). Nor do Debtors point the Court to any prudential limitations, such as advancing the rights of another, a generalized grievance, or being outside the "zone of interests." *Id.* (outlining prudential standing limits). Thus, the Court focuses only on Debtors' argument that Roscommon failed to demonstrate a legal basis

under the Bankruptcy Code to bring this claim.

The Court finds that Roscommon does meet the Code's definition of a "creditor." A "creditor" is an "entity that has a claim . . . ." § 101(10)(A). An "entity" includes a "governmental unit[.]" Section 101(15). It cannot be disputed that Roscommon meets the definition of a "governmental unit" pursuant to Section 101(26) since it is an "instrumentality of . . . a State[.]" Furthermore, Section 507(a)(1) gives priority to "domestic support obligations . . . owed to or recoverable by a . . . child of the debtor . . . without regard to whether the claim . . . is filed by a governmental unit on behalf of" the child of the debtor. Thus, under the Code, Roscommon is a creditor that is permitted to file its claim.

Furthermore, as discussed earlier, Roscommon is not acting here solely on behalf of, or derivatively for, Ms. Heine. Michigan law mandates that Roscommon initiate enforcement proceedings to enforce the obligations of the parties, Michigan Comp. Laws § 552.505a(1), and to enforce child support orders when amounts are past due. Mich. Comp. Laws § 552.511(1)(a). Under Michigan law, "[c]hild support payments are not considered the property of the custodial parent and are solely for the benefit of the child." *Copeland v. Copeland*, 311 N.W.2d 452, 454 (Mich. Ct. App. 1981). The custodial parent "receives the child support payments in trust for [their] children, but . . . does not own them." *Wallin v. Wallin*, 2001 WL 682443, at *1 (Mich. Ct. App. Apr. 24, 2001) (citing *Copeland*). Michigan law focuses on the payer spouse, here Scott Marshall, and actions that must be initiated by Roscommon to enforce his compliance. Michigan law permits either the custodial parent **or** Roscommon to initiate an action for contempt against a person obligated to pay child support. Mich. Comp. Laws § 552.631. While it is perhaps more likely that the custodial parent initiates such a proceeding (to recoup what they expend of their own money to cover the support that is due for their child), Debtors fail to demonstrate that Roscommon cannot

7

act on behalf of the minor child. The Court is satisfied that Roscommon has an independent statutory basis pursuant to both the Bankruptcy Code and Michigan law to file its claim.

*Roscommon's claim is entitled to the presumption of* prima facie *validity*

The final issue Debtors raise is whether Roscommon's proof of claim is sufficiently supported to afford it the presumption of validity pursuant to Federal Rule of Bankruptcy Procedure 3001(f). Debtors contend that the state court divorce and suspension of support orders attached to Roscommon's amended Proof of Claim 4-2 fail to meet the requirements of Rule 3001(f). Debtors argue their calculations show that Scott Marshall overpaid his support obligations, and Roscommon's documentation fails to explain the overpayment. However, Roscommon further amended its claim with additional documentation subsequent to Debtors' objection. Claim 10, replacing Debtors' Claim 4 filed by Debtors on behalf of Roscommon, includes not only the divorce and support suspension order, but also a September 30, 2010, "Michigan Child Support Enforcement System Court Order Information Report" ("Information Report"), detailing child support charges for the benefit of the minor child, payments made by Scott Marshall, and surcharges from June of 2003 through March of 2010. The Information Report also details processing fees and service fees accruing in favor of Ms. Heine.

> Federal Rule of Bankruptcy Procedure 3001 governs Proofs of Claim:
>
> In a contested matter, the overall burden of persuasion to establish a claim's allowability is placed upon the claimant. However, as an initial evidentiary matter, Bankruptcy Rule 3001(f) provides that a "proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." In other words, so long as a proof of claim is properly filed and in correct form, the objecting party is charged first with coming forth with evidence contradicting the claim.

*In re Dean*, 360 B.R. 750, 752 (Bankr. N.D. Ohio 2006) (citing *Morton v. Morton (In re Morton)*, 298 B.R. 301, 307 (B.A.P 6th Cir. 2003)). "To defeat a validly filed proof of claim, an objector

8

must come forward with sufficient evidence to 'refute at least one of the allegations that is essential to the claim's legal sufficiency.'" *Higgins v. I.R.S.*, 403 B.R. 537, 542 (E.D. Tenn. 2009) (quoting *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992)).

Debtors' first argument is that the documents supporting Roscommon's claim do not sufficiently explain certain charges. However, "the mere failure to provide documentation, in and of itself, is no more a basis for challenging the validity or amount of a claim in a bankruptcy proceeding than it is in a non-bankruptcy proceeding . . . . [T]he mere failure to comply with rules concerning the . . . content of a proof of claim is not justification under the Bankruptcy Code to judicially invalidate a creditor's otherwise lawful claim." *In re Shaffner*, 320 B.R. 870, 876 (Bankr. W.D. Mich. 2005). Further, Roscommon's Supplemental Brief explains the codes contained in the Information Report. Therefore, Debtors challenge to the supporting documentation for Roscommon's claim does not overcome the presumptive validity afforded Roscommon's claim under Rule 3001(f).

Debtors' second argument concerns what the Court interprets as an objection to the amount claimed by Roscommon. Debtors contend that Scott Marshall paid the $46.00 child support as required under the divorce judgment for nearly 10 years and, therefore, based on Roscommon's Information Report, overpaid by approximately $4,600. Debtors further argue that if they pay the $5,744.87 claimed by Roscommon in its amended claim, they will overpay the amount of support due by total of over $10,000. Debtors refer to "mystery charges" and question whether certain charges in the Information Report fall under the definition of a "domestic support obligation." Roscommon counters by explaining the codes associated with the "mystery charges" and that those charges are imposed against the child support owed pursuant to Michigan Compiled Laws § 600.2538, which assesses a $3.50 monthly service fee against persons obligated under a child

9

support order. A person's failure to pay those fees may result in a finding of contempt. Mich. Comp. Laws § 600.2538(4).

Michigan law defines "support" as including a "surcharge" assessed pursuant to Michigan Compiled Laws § 552.603a. Michigan Comp. Laws § 552.602(ee)(*iii*). Michigan Compiled Laws § 552.603a(1) in turn states that if it is determined that a person obligated to pay child support willfully failed to pay, the state court "may order . . . a surcharge be added to support payments that are past due as of" January and July of each year. Any surcharge added "shall be collected and enforced by any means authorized" under state or federal law. Mich. Comp. Laws § 552.603a(4).

Debtors have the burden of "produc[ing] evidence to rebut or meet the presumptive correctness of the proof of claim." *In re Ford*, 194 B.R. 583, 588 (S.D. Ohio 1995). Debtors' evidence is that the total amount due between the date of the judgment of divorce and the child support suspension order is fully paid because the Information Report shows payments received in excess of that amount. This argument necessarily includes the assumption that Scott Marshall paid all child support due prior to the suspension of child support payments in April of 2005. Debtors have to date filed nothing to substantiate this assumption. In contrast, Roscommon's Information Report shows a balance as of June of 2003 of over $22,000. The reasonable understanding is that Scott Marshall actually owed over $22,000 in unpaid child support at that point. This is supported not only by the April, 2005, child support suspension order, which expressly states that accumulated arrearages existed and were to be enforced, but also by the December 18, 2008, acknowledgment of past due child support, which shows that as of that date, Scott Marshall owed "$12,240.26 in past-due support." Thus, notwithstanding the substantial payments made by Debtors between June of 2003 and March of 2010, the accumulated support arrears and the surcharges chargeable to the support payment under Michigan law exceeded those payments and resulted in the balance owed

10

and claimed by Roscommon. The Court therefore finds that Debtors have not come forward with sufficient evidence to rebut the amount of Roscommon's claim, but that they should be allowed an opportunity to offer additional proofs on this issue.

## Conclusion

In summary, the default judgment against Ms. Heine entered in Debtors' adversary proceeding does not have any claim preclusive effect on Roscommon's claim. Roscommon also meets the Code's definition of a "creditor," and Michigan law directs Roscommon to pursue past due child support, which is the property of the minor child. Debtors' threshold objections to Roscommon's claim are therefore overruled. Further, Debtors to date fail to produce sufficient evidence rebutting the presumption afforded the validity and amount of Roscommon's claim. The Court will allow the Debtors the right to supplement and amend their Objection and will, if necessary, schedule an evidentiary hearing to receive proofs on any supplemental and amended Objection. Counsel for Roscommon is requested to prepare an order consistent with this Opinion and to submit such an Order after approval of Debtors' counsel or in compliance with the presentment of procedures of the Court.

**Signed on September 15, 2011**

                                **/s/ Daniel S. Opperman**
                              **Daniel S. Opperman**
                              **United States Bankruptcy Judge**