UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION - BAY CITY

IN RE:

    SCOTT MARSHALL and                       Case No. 09-21141-dob
    DESIREE MARSHALL,                         Chapter 13
              Debtors.                                  Hon. Daniel S. Opperman

_____/

## OPINION DENYING DEBTORS' MOTION FOR ENTRY OF ORDER FINDING SATISFACTION OF CLAIM 10-1

       Debtors ask this Court to determine that the claim of the Roscommon County Friend of the Court ("Roscommon") is satisfied in full. Debtors argue the claim of Roscommon has been paid in full based upon its filed Proof of Claim No. 10 in the priority amount of $5,744.87. Roscommon agrees that the amount to be paid per the claim was $5,744.87, but denies that it has been paid in full, asserting the amount of $2,083.30 remains outstanding.[1]

### Statement of Jurisdiction

       This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157, and E.D. Mich. LR 83.50. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(O) (adjustment of the debtor-creditor relationship).

---

[1] This is the exact amount per the NCP Financial Detail Report dated July 3, 2013; however, it appears Roscommon rounds its request for payment down to the nearest dollar, resulting in the $2,083.00 amount. The Court notes in Roscommon's post-hearing Brief filed on January 17, 2014, the amount claimed is $2,240.26. This is appears to be the new current amount claimed outstanding by Roscommon.

1

Procedural and Factual Background

The facts of this case are set forth at length in this Court's September 15, 2011, Opinion Denying Debtors' Objection to Roscommon's Amended Claim, Docket No. 90.

Debtors filed their joint, voluntary Chapter 13 petition on March 30, 2009. On May 20, 2009, Debtors filed a proof of claim, Proof of Claim No. 4, on behalf of Roscommon on the basis of a "support order" for $12,240.26. Debtors bifurcated the claim into a priority claim of $2,240.46, pursuant to 11 U.S.C. § 507(a)(1)(A), and the remaining $10,000 as a general unsecured claim. Debtors' proposed plan stated that the "pre-petition Domestic Support Obligation(s) shall be paid in full through the plan by the Trustee, if a proof of claim has been timely filed[.]" The Court confirmed Debtors' Chapter 13 Plan without modification on June 4, 2009. Roscommon later amended its claim on May 14, 2010,[2] and again on October 14, 2010, as Proof of Claim No. 4-3 and in identical form as Proof of Claim No. 10, to add documentation, and to reflect an amount due of $12,240.26, with a current domestic support obligation owing of $5,744.87, as of September 30, 2010.

Debtors objected to Roscommon's Proof of Claim, and as a result of that claim objection, the Court found in its September 15, 2011, Opinion that Debtors had not come forward with sufficient evidence to rebut the amount of Roscommon's claim, and offered Debtors the opportunity to offer additional proofs on this issue. That Opinion was memorialized in the Court's October 13, 2011, Order, which stated:

**ORDER DENYING DEBTORS' OBJECTION TO ROSCOMMON**

---

[2] Proof of Claim No. 4-2 indicated the $12,240.26 as the amount owing on the date of the bankruptcy filing with a current obligation as of May 13, 2010, of $8,743.12, plus administrative fees of $637.75.

## COUNTY FRIEND OF THE COURT'S AMENDED CLAIM

The above referenced objection to Claim of Roscommon County Friend of the Court having come on for hearing before this Court on April 7, 2011, after having reviewed the briefs and oral argument of the parties, and the Court being otherwise duly advised in the premises, and for the reasons stated in the Court's Opinion dated September 15, 2011;

**IT IS ORDERED:**

**A.** Debtors' objections to creditor Roscommon County's priority claim for domestic support obligations are overruled and

**B.** Creditor's priority claim for a pre-petition Domestic Support Obligation as filed before this Court in the amount of $5,744.87 is allowed; provided, however, debtors shall have 30 days to offer additional proofs on the issue of the sufficiency of the amount claimed by Creditor Roscommon County as a priority domestic support obligation.

**IT IS SO ORDERED.**

Debtors did not file any supplemental pleadings with regard to Roscommon's claim, and Debtors concede in their instant Motion filed on June 16, 2013, that the claim "was resolved at $5,744.87," but argue that currently, per the Trustee's records, this claim has been paid in full. Debtors assert that Roscommon, however, "continues to attempt to collect the claim in state court." Debtors seek a determination from this Court that this claim has been paid in full. Roscommon disputes that this claim has been paid in full, asserting that $2,240.26 now remains outstanding from the original amount of $5,744.87 owing as of the October 13, 2011, Order. In support of this amount outstanding, Roscommon attaches a "NCP Financial Detail Report" to its Response to this Motion, showing a balance owing by Debtor Scott Marshall to it as of July 2013, of $2,083.30. In its post-hearing Brief, Roscommon asserts the current amount owing to be $2,240.26, based upon the $5,744.87 amount, less $3,504.61 in payments made to Roscommon by the Trustee. This is supported by a Trustee Disbursement Ledger showing

payments totaling $3,504.61, with a "Completed" case status as of June 25, 2013.

The instant Motion was filed on June 16, 2013. Ten days later, on June 26, 2013, the Chapter 13 Trustee filed a "Notice of Completion of Plan Payments and Notice of Final Cure Mortgage Payment." Roscommon responded to the instant Motion, but did not respond to the Trustee's Notice of plan payment completion. Debtors argue this failure to respond to the latter forecloses Roscommon from asserting it is owed anything further.

Analysis

The issue before the Court is one of accounting. There is agreement between the parties that the amount of claim was determined to be $5,744.87 in the Court's October 13, 2011, Order. There is also agreement as to what Debtors have paid to the Trustee and, correspondingly, what has been paid to Roscommon on its claim. Finally, Roscommon agrees that Debtors have made all payments to the Trustee in fulfillment of completion of their Chapter 13 Plan. The disagreement arises as to when payments were to begin applying to reduce the $5,744.87 claim. In its October 13, 2011, Order, the Court took a snapshot view of the amount outstanding as of September 2010, when it overruled Debtors' objection to Roscommon's Amended Claim No. 4-2, as later amended on October 14, 2010, as Amended Claim No. 4-3 and Claim No. 10-1. These identical Amended Claims were considered by the Court in its October 13, 2011, ruling. The amount of the claim per the October 14, 2010 Amendments clearly stated that $5,744.87 was the "current obligation . . . as of 9/30/10." Debtors had the opportunity to dispute this finding by the Court in its October 13, 2011, Order, and did not do so.

The rest of the analysis is simple math. Using the $5,744.87 amount as of September 30, 2010, the Court subtracts the total payments made by the Trustee to Roscommon subsequent to

4

September 2010, per the Trustee Disbursement Ledger. These disbursements total $3,504.61. Thus, the Court arrives at the same current amount claimed by Roscommon: $2,240.26 ($5,744.87 - $3,504.61 = $2,240.26).

The Court also concludes that Roscommon's failure to object to the Trustee's Notice of plan payment completion does not foreclose it from asserting the current amount outstanding. The amount outstanding had been placed in issue by Debtors when they previously filed the instant Motion, to which Roscommon timely responded on July 11, 2013.

Accordingly, the Court concludes that the amount owed to Roscommon is $2,240.26, per the Financial Detail Report and Trustee Disbursement Ledger attached to Roscommon's responsive pleadings. Counsel for Roscommon is requested to prepare an order consistent with this Opinion and to submit such an Order after approval of Debtors, or in compliance with the presentment procedures of the Court.

**Not for Publication**

**Signed on February 24, 2014**

                                        **/s/ Daniel S. Opperman**
                                        **Daniel S. Opperman**
                                        **United States Bankruptcy Judge**